O

# United States District Court
# Central District of California

GRIGOR VARDEVARYAN,

               Plaintiff,

    v.

STATE FARM GENERAL INSURANCE COMPANY et al.,

               Defendants.

Case № 2:25-cv-08661-ODW (BFMx)

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [17]**

## I.     INTRODUCTION

Plaintiff Grigor Vardevaryan brings this action against Defendant State Farm General Insurance Company, alleging that State Farm failed to conduct a prompt and diligent investigation of Vardevaryan's insurance claim.  (First Am. Compl. ("FAC"), Dkt. No. 15.)  State Farm now moves to partially dismiss Vardevaryan's First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 17.)  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** State Farm's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

Vardevaryan was the named insured on a State Farm homeowners policy insuring a property in Lancaster, California.  (FAC ¶ 8.)  The policy provided coverage for direct physical loss to the dwelling and personal property caused by theft and vandalism.  (*Id.* ¶ 9.)

On or about August 17, 2022, Vardevaryan discovered that the insured property was burglarized and vandalized.  (*Id.* ¶ 10.)  Vardevaryan promptly notified State Farm of the loss.  (*Id.* ¶ 13.)  Sylvia Lopez, a State Farm claims representative, interviewed Vardevaryan.  (*Id.* ¶ 14.)  Vardevaryan and his mother fully cooperated with Lopez and produced all documentation requested of them, including police reports, photographs, receipts, and an itemized property inventory.  (*Id.*)

Despite Vardevaryan's full cooperation, State Farm delayed the resolution of his claim.  (*See id.* ¶¶ 25–28.)  For example, without explanation, State Farm directed Vardevaryan to appear for multiple Examinations Under Oath ("EUOs").  (*Id.* ¶ 14.)  Appearing for these EUOs subjected Vardevaryan to significant emotional distress and trauma.  (*Id.*)  State Farm also failed to produce a substantive investigative report and issued duplicative form document requests, unnecessarily prolonging the investigation.  (*Id.* ¶¶ 25–27.)  The delay exposed the property in question to further vandalism, subjecting Vardevaryan to further expenses.  (*Id.* ¶ 28.)

Based on these allegations, Vardevaryan asserts five causes of action against State Farm: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) violation of California's Unfair Competition Law ("UCL"); and (5) punitive damages.  (*Id.* ¶¶ 31–61.)  State Farm now

---

[2] All factual references derive from Vardevaryan's First Amended Complaint unless otherwise noted. Vardevaryan's well-pleaded factual allegations are accepted as true for purposes of resolving the Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court will not consider any allegations made solely in Vardevaryan's opposition brief.  *See Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

moves to dismiss the third, fourth, and fifth causes of action for failure to state a claim under Rule 12(b)(6). (Mot. 6–7.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable theory or insufficient facts pleaded to support an otherwise cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones,* 319 F.3d 482, 494 (9th Cir. 2003). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend, unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment

would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV.   DISCUSSION

State Farm moves to dismiss Vardevaryan's third cause of action for negligent misrepresentation, fourth cause of action for violation of the UCL, and fifth cause of action for punitive damages.  (Mot.)

**A.   Negligent Misrepresentation (Count 3)**

In his third cause of action, Vardevaryan alleges that State Farm made a negligent representation when Lopez told Vardevaryan that he needed to sit for additional EUOs and submit further documentation.  (FAC ¶ 44.)

To plead negligent misrepresentation under California law, a plaintiff must sufficiently allege that the defendant (1) made a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) that plaintiff justifiably relied on the misrepresentation, and (5) resulting damage.  *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007).

*1.   Applicable Pleading Standard*

As an initial matter, the parties disagree over whether Rule 9(b) applies to negligent misrepresentation claims.  Under Rule 9(b), when alleging "fraud or mistake," "a party must state with particularity the circumstances constituting fraud or mistake." However, courts in this district disagree over whether a negligent misrepresentation claim must also be pleaded with particularity.  *Compare Glenn Holly Ent., Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093–98 (C.D. Cal. 1999) (dismissing negligent misrepresentation claim for failure to comply with Rule 9(b)), *with Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 416–18 (C.D. Cal. 2012) (finding that Rule 9(b) does not apply to negligent misrepresentation claims).

The Court finds that Rule 9(b) does not apply to negligent misrepresentation claims.  First, applying Rule 9(b) to a negligent misrepresentation claim runs contrary

to the text of the Rule itself. Rule 9(b) applies only to "fraud and mistake," not to negligence. Second, applying Rule 9(b) to a negligent misrepresentation claim also runs contrary to the purpose of the rule. Rule 9(b) was designed to protect "from the harm that comes from being charged with the commission of fraudulent acts." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). In other words, it protects against allegations of "*intentional* malfeasance." *Petersen*, 281 F.3d at 418. However, plaintiffs pleading negligent misrepresentation need not plead intent. *Gagne v. Bertran*, 43 Cal. 2d 481, 487–88 (1954). Instead, courts examine negligent misrepresentation only under an objective standard, specifically, whether the defendant used reasonable care. *Petersen*, 281 F.3d at 417. Applying Rule 9(b) to a claim requiring only an objective showing of unreasonableness does not advance the policy aim of the rule, which is to protect from accusations of subjective malintent.

Thus, the Court finds that the particularity standard of Rule 9(b) does not apply to Vardevaryan's negligent misrepresentation claim and proceeds under the plausibility standard of Rule 8.

> 2.   *Analysis*

The Court finds that Vardevaryan has plausibly alleged that State Farm negligently misrepresented its need for additional EUOs and further documentation despite already possessing all information necessary to resolve Vardevaryan's claim. When State Farm and Lopez requested Vardevaryan sit for additional EUOs, Vardevaryan had already provided them with "police reports, photographs, receipts, and an itemized property inventory." (FAC ¶ 14.) Furthermore, during Vardevaryan's EUOs, Vardevaryan was subjected to "repeated questions already answered in prior statements and written submissions." (*Id.*) If Vardevaryan did not provide any new information in his subsequent EUOs, one can plausibly infer that State Farm and Lopez already had all the information they needed to resolve the claim prior to subjecting Vardevaryan to multiple EUOs. Moreover, "police reports, photographs, receipts, and an itemized property inventory" may be more than sufficient to resolve a claim. (*Id.*)

Absent any explanation from State Farm to the contrary, (*see generally* Mot.), the Court must infer that this document production was sufficient for State Farm to resolve Vardevaryan's claim, but that State Farm slow-walked its investigation anyway, *Lee*, 250 F.3d at 679 (requiring that courts construe all factual allegations in the light most favorable to the plaintiff).

State Farm argues that Vardevaryan cannot show that it "did not intend to conduct additional examinations under oath or request additional documentation needed to adjust the claim." (Mot. 10.)  To support this argument, State Farm cites case law discussing false promises under California law. (*See id.* at 10–11.)  This argument fails because State Farm misapprehends Vardevaryan's claim.  Vardevaryan does not claim that State Farm asked for additional documentation or EUOs without the intention of actually receiving the additional documentation or conducting additional EUOs. Vardevaryan claims that State Farm asked for additional documentation and EUOs despite lacking reasonable belief that it needed this additional information.  The difference between these two theories is intent.  While the former theory requires a showing that State Farm intended to mislead Vardevaryan, the latter theory—which Vardevaryan is asserting here—only requires a showing that State Farm should have known it did not need more information from Vardevaryan.  The lack of a specific intent requirement also renders State Farm's false promise case law inapposite. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 159 (1991) ("The specific intent requirement also precludes pleading a false promise claim as a negligent misrepresentation.").  Thus, Vardevaryan's allegations that State Farm knew or should have known that it had all the information necessary to adjudicate Vardevaryan's claim, but continued to ask him for more information and interviews, is sufficient to plead a negligent misrepresentation claim.

For these reasons, the Court finds that Vardevaryan plausibly pleads negligent misrepresentation and **DENIES** State Farm's Motion on this basis.

**B.      UCL (Count 4)**

In his fifth cause of action, Vardevaryan alleges violation of the UCL.  (FAC ¶¶ 55–61.)   State Farm moves to dismiss this cause of action for three independent reasons, including that Vardevaryan already has an adequate remedy at law.  (Mot. 11–12.)

UCL actions are equitable in nature.  *See Nationwide Biweekly Admin., Inc. v. Superior Ct.*, 9 Cal. 5th 279, 301 (2020).  "[F]ederal court[s] must apply traditional equitable principles before awarding restitution under the UCL."  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020).  Thus, if legal remedies are adequate, a federal court "lack[s] equitable jurisdiction to consider the merits of a claim at all (even if they otherwise have subject matter jurisdiction)."  *Cook v. Matrix Absence Mgmt., Inc.*, 737 F. Supp. 3d 885, 892 (N.D. Cal. 2024).  Courts have routinely applied this principle in cases where a policyholder also alleges a breach of contract claim to seek damages.  *See, e.g.*, *Benn v. Allstate Ins. Co.*, 569 F. Supp. 3d 1029, 1032–35 (C.D. Cal. 2021) (dismissing a UCL claim because the policyholder's breach of contract claim allowed her to seek legal remedies).

State Farm argues that the Court should apply these principles and dismiss Vardevaryan's UCL claim.  (Mot. 11–12.)  In his opposition brief, Vardevaryan does not address the issue and addresses only whether he sufficiently stated a claim under each UCL prong.  (Opp'n 6–7, Dkt. No. 21.)  The Court construes Vardevaryan's failure to oppose State Farm's argument regarding the availability of legal remedies as waiver and abandonment of the issue.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Accordingly, the Court **DISMISSES** Vardevaryan's fourth cause of action. Furthermore, leave to amend is inappropriate because Vardevaryan abandoned the issue.  *See Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-cv-04768-LHK, 2017 WL

7

346021, at *20 (N.D. Cal. Jan. 24, 2017) (denying leave to amend because "[p]laintiffs' failure to even argue the issue in their opposition indicates a waiver of [their] claim").

## C.    Punitive Damages (Count 5)

In his sixth cause of action, Vardevaryan asserts a claim for punitive damages. (FAC ¶¶ 55–61.)  As an initial matter, claims for punitive damages are not independent causes of action.  *Ismail v. County of Orange*, 917 F. Supp. 2d 1060, 1074 (C.D. Cal. 2012), *aff'd*, 676 F. App'x 690 (9th Cir. 2017).  Thus, dismissal is warranted on this basis alone.  Nevertheless, the Court construes the claim for punitive damages as a *request* for punitive damages.

Under California law, punitive damages may be awarded when there is clear and convincing evidence that the defendant acted with "oppression, fraud, or malice."  Cal. Civ. Code § 3294(a).  However, corporate employers and businesses may not be held liable for punitive damages unless a "officer, director, or managing agent of the corporation" (1) had advance knowledge of an employee's oppressive, fraudulent or malicious acts and continued to employ them, or (2) ratified, authorized, or personally committed an act of oppression, fraud, or malice.  *Id.* § 3294(b).

Vardevaryan identifies only one State Farm employee in the First Amended Complaint: Lopez.  (FAC ¶ 14.)  Lopez is a claims representative, not an officer, director, or managing agent of State Farm.  (*Id.*)  Thus, Vardevaryan's request for punitive damages cannot survive on Lopez's actions alone.  Vardevaryan does not allege that any State Farm officer, director, or managing agent knew of Lopez's actions or authorized or ratified those actions.  (*See generally* FAC.)

Instead, Vardevaryan adds an additional party to the mix in his opposition brief, State Farm's in-house counsel Richard Knapp.  (Opp'n 11.)  Vardevaryan alleges that Knapp's knowledge "supports ratification because it shows the misconduct was not limited to one employee."  (*Id.*)  Setting aside the principle that the Court may not look beyond the four corners of the pleading when determining the propriety of a Rule 12(b)(6) dismissal, *Schneider*, 151 F.3d at 1197 n.1, Knapp's knowledge of

Lopez's actions does nothing to change the Court's analysis.  Knapp is not an officer, nor a director, nor a managing agent of State Farm.  Thus, his knowledge of Lopez's allegedly malicious or oppressive actions does not give rise to punitive damages.

For these reasons, the Court **DISMISSES** Vardevaryan's fifth cause of action for punitive damages.  Additionally, because punitive damages is not an independent cause of action, the Court dismisses **without leave to amend**.  However, Vardevaryan may amend his pleading to add facts to support his *request* for punitive damages.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** State Farm's Motion to Dismiss.  (Dkt. No. 17.)  Specifically, the Court **GRANTS** the Motion and **DISMISSES** Vardevaryan's fourth case of action **without leave to amend**.   The Court also **GRANTS** the Motion and **DISMISSES** Vardevaryan's fifth cause of action **without leave to amend**, although he may plead additional facts to support his request for punitive damages.  The Court **DENIES** the remainder of State Farm's Motion.

Vardevaryan must file an amended complaint within **fourteen (14) days** of this Order, in which case State Farm shall answer or otherwise respond within **fourteen (14) days** of the filing.  If Vardevaryan does not timely amend, then his request for punitive damages shall be deemed dismissed with prejudice as of the lapse of Vardevaryan's deadline to amend.  In that event, State Farm shall answer the surviving claims in the First Amended Complaint within **fourteen (14) days** of the lapse of Vardevaryan's deadline to amend.

**IT IS SO ORDERED.**

March 17, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**