O

# United States District Court
# Central District of California

| | |
|---|---|
| GRIGOR VARDEVARYAN<br>Plaintiff,<br>v.<br>STATE FARM GENERAL INSURANCE COMPANY et al.,<br>Defendants. | Case № 2:25-cv-08661-ODW (BFMx)<br><br>**ORDER GRANTING MOTION TO DISMISS [26]** |

## I. INTRODUCTION

Plaintiff Grigor Vardevaryan brings this action against Defendant State Farm General Insurance Company, alleging that State Farm failed to conduct a prompt and diligent investigation of Vardevaryan's insurance claim. (Second Am. Compl. ("SAC"), Dkt. No. 24.) State Farm now moves to dismiss Vardevaryan's request for punitive damages pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), Dkt. No. 26.) For the following reasons, the Court **GRANTS** State Farm's Motion.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

Vardevaryan is the named insured on a State Farm homeowners policy insuring a property in Lancaster, California. (SAC ¶ 8.) The policy provides coverage for direct physical loss to the dwelling and personal property caused by theft and vandalism. (*Id.* ¶ 9.)

On or about August 17, 2022, Vardevaryan discovered the insured property was burglarized and vandalized. (*Id.* ¶ 10.) Vardevaryan promptly notified State Farm of the incident. (*Id.* ¶ 13.) Sylvia Lopez, a State Farm claims representative, investigated Vardevaryan's claim. (*Id.* ¶ 14.) Vardevaryan fully cooperated with Lopez's investigation and provided police reports, photographs, receipts, and an itemized property inventory. (*Id.*) Despite Vardevaryan's cooperation, State Farm delayed the resolution of his claim. (*Id.* ¶¶ 25–27.) For example, without explanation, State Farm directed Vardevaryan to appear for multiple Examinations Under Oath ("EUOs"). (*Id.* ¶ 14.) State Farm also failed to produce a substantive investigative report and issued duplicative document requests, prolonging the investigation. (*Id.* ¶¶ 25–27.)

Based on these allegations, Vardevaryan asserts three causes of action against State Farm: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) negligent misrepresentation. (*Id.* ¶¶ 56–76.) Vardevaryan also requests punitive damages. (*Id.* ¶ 55.) State Farm now moves to dismiss the request for punitive damages for failure to state a claim under Rule 12(b)(6). (Mot. 4–5.)

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading

---

[2] All factual references derive from Vardevaryan's Second Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true.").

requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation modified).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Under California law, punitive damages may be awarded when there is clear and convincing evidence that the defendant acted with "oppression, fraud, or malice." Cal. Civ. Code § 3294(a). However, corporate employers and businesses may not be held liable for punitive damages unless a "officer, director, or managing agent of the

corporation" (1) had advance knowledge of an employee's oppressive, fraudulent, or malicious acts and continued to employ them, or (2) ratified, authorized, or personally committed an act of oppression, fraud, or malice. *Id.* § 3294(b). State Farm moves to dismiss Vardevaryan's request for punitive damages on the ground that Vardevaryan fails to allege sufficient facts showing that a State Farm officer, director, or managing agent authorized or ratified the alleged conduct. (Mot. 7–9.)

In his Second Amended Complaint, Vardevaryan identifies only one State Farm employee: Lopez, a claims representative. (*See generally* SAC.) Conceding that Lopez is neither an officer nor a director, Vardevaryan argues that Lopez is a managing agent. (Opp'n 11–13, Dkt. No. 30.) A "managing agent" is an employee who "exercises substantial discretionary authority over decisions that ultimately determine corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999). "Corporate policy" refers to "general principles which guide a corporation, or rules intended to be followed consistently over time in corporate operations." *Cruz v. Homebase*, 83 Cal. App. 4th 160, 167 (2000).

In *Egan v. Mutual of Omaha Insurance Co.*, the California Supreme Court affirmed the imposition of punitive damages based on the actions of two claims representatives. 24 Cal. 3d 809, 823 (1979) (en banc). The court noted that the record demonstrated both claims representatives "exercised broad discretion in the disposition of plaintiff's claim." *Id.* For example, one claims representative testified that he was "manager" of the claims department and "had ultimate supervisory and decisional authority regarding the disposition of all claims." *Id.* According to the court, when claims representatives "dispose of insureds' claims with little if any supervision, they possess sufficient discretion for the law to impute their actions concerning those claims to the corporation." *Id.*

Here though, Vardevaryan does not plausibly demonstrate that Lopez is a managing agent. In his Second Amended Complaint, Vardevaryan painstakingly details the many ways that Lopez wronged him. For example, Lopez asked irrelevant questions

about the Vardevaryan's family dog's attire, (SAC ¶ 35), required unnecessary and repetitive EUOs and interviews, (*id.* ¶¶ 41, 44), and failed to resolve the investigation despite knowledge that squatters were actively damaging Vardevaryan's property, (*id.* ¶ 51). However, all these allegations demonstrate is that Lopez's decisions "have significant consequences" in her "limited sphere of authority." *Cruz*, 83 Cal. App. 4th at 168. While "every corporate employee's reckless or malicious conduct has the potential to cause serious injury," punitive damages only attach when the "malicious employee belongs to the leadership group of officers, directors, and managing agents." *Id.* (citation modified). Critically, other than the allegation that Lopez is a claims representative, the Second Amended Complaint is devoid of any allegations regarding whether she exercises the discretion sufficient to place her in such a leadership group. *Id.*; (*see generally* SAC.) For example, Vardevaryan does not allege whether Lopez needed approval to require Vardevaryan to sit for multiple EUOs or to dispose of Vardevaryan's claim. Without similar allegations, the Court cannot infer that Lopez exercised "discretionary authority over decisions that ultimately determine corporate policy." *White*, 21 Cal. 4th at 573.

Vardevaryan argues that, even if Lopez is not a managing agent, someone above her must have authorized or ratified her conduct in the claim investigation. (Opp'n 13–14.) However, the Second Amended Complaint is bereft of any allegations supporting such a theory. Vardevaryan does not allege that anyone authorized or ratified Lopez's conduct, nor does Vardevaryan even allege that his harm "could not have occurred in the absence of authorization or ratification by" an officer, director, or managing agent above Lopez. *Anaya v. Machs. de Triage et Broyage*, No. 18-cv-01731-DMR, 2019 WL 359421, at *5 (N.D. Cal. Jan. 29, 2019). More importantly, Vardevaryan does not allege that this unknown employee who sits over Lopez exercises the requisite discretionary authority necessary to render the employee a managing agent.

For these reasons, the Court finds that Vardevaryan fails to plead punitive damages and **GRANTS** State Farm's motion to dismiss punitive damages. However,

as the Court finds that amendment could cure the above deficiencies, and because Vardevaryan now has the benefit of three months of discovery, the Court grants Vardevaryan one final opportunity to plead punitive damages.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** State Farm's Motion. (Dkt. No. 26.) The Court **DISMISSES** Vardevaryan's request for punitive damages **WITH LEAVE TO AMEND**. Vardevaryan may file an amended complaint within **fourteen (14) days** of this Order, in which case State Farm shall answer or otherwise respond within **fourteen (14) days** of the filing. Any amendment shall be strictly limited to curing the deficiencies identified above. If Vardevaryan does not timely amend, then his request for punitive damages shall be deemed dismissed with prejudice as of the lapse of Vardevaryan's deadline to amend. In that event, State Farm shall answer the surviving claims in the Second Amended Complaint within **fourteen (14) days** of the lapse of Vardevaryan's deadline to amend.

**IT IS SO ORDERED.**

September 30, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**